# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ENDURA PRODUCTS, INC., ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-245 |
| v. ) | |
| ) | **COMPLAINT** |
| COLUMBIA ALUMINUM ) | |
| PRODUCTS, LLC, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| _____ ) | |

Plaintiff Endura Products, Inc. complaining of defendant Columbia Aluminum Products, LLC, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Endura Products, Inc. ("Endura") is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Colfax, North Carolina.

2. Upon information and belief, defendant Columbia Aluminum Products, LLC ("Columbia") is a corporation organized under the laws of the State of California, with its principal place of business in City of Commerce, California.

3. This is an action for patent infringement arising under the United States patent laws. This Court has federal question jurisdiction over Endura's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a). This is also an action for breach of contract. This Court has diversity jurisdiction over Endura's breach of contract claim under 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Columbia pursuant to N.C. Gen. Stat. 1-

75.4, in that, upon information and belief, Columbia conducts substantial business activity in the State of North Carolina and in this District and, in the course of such business activity, Columbia has engaged in the infringing conduct described herein.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## STATEMENT OF THE FACTS

6. Endura is the owner of all rights, title and interest in United States Patent No. 5,426,894 ("'894 Patent"), entitled "Continuous Sidelight Sill With Adaptable Threshold Caps," which was duly and lawfully issued by the United States Patent and Trademark Office on June 27, 1995. A copy of the '894 Patent is attached hereto and incorporated herein by reference as Exhibit A. At the present time, without the benefit of discovery, Endura has not yet ascertained the full extent of Columbia's possible infringement of the '894 Patent.

7. Endura is the owner of all rights, title and interest in United States Patent No. 5,588,266 ("'266 Patent"), entitled "Continuous Sidelight Sill With Adaptable Threshold Caps and Removable Paint Shield," which was duly and lawfully issued by the United States Patent and Trademark Office on December 31, 1996. A copy of the '266 Patent is attached hereto and incorporated herein by reference as Exhibit B.

8. Endura is the owner of all rights, title and interest in United States Patent No. 5,611,173 ("'173 Patent"), entitled "Continuous Sidelight Sill With Adaptable Threshold Caps and Removable Paint Shield," which was duly and lawfully issued by the United States Patent and Trademark Office on March 18, 1997. A copy of the '173 Patent is attached hereto and incorporated herein by reference as Exhibit C.

9. On April 27, 2006, Endura filed a Complaint against Columbia for infringement of the '894 Patent, the '266 Patent, and the '173 Patent in the United States District Court for the Middle District of North Carolina, 1:06-CV-00395-WLO-PTS (herein "First Complaint").

Thereafter, Endura provided a copy of the First Complaint to Columbia.

10. After receipt of the First Complaint, Endura and Columbia agreed upon a settlement of the claims asserted in the First Complaint. Pursuant to the settlement agreement, Columbia agreed to cease and desist the use, offering for sale and/or selling of products that infringed the '894 Patent, the '266 Patent, and the '173 Patent, including but not limited to infringing sill cover products.

11. Endura has recently discovered that Columbia has resumed making, using, offering for sale, and/or selling in interstate commerce sill cover products that infringe the '266 Patent and the '173 Patent without the consent or authorization of Endura in violation of the parties' settlement agreement.

12. Columbia's unauthorized acts of making, using, offering for sale, and/or selling sill cover products that infringe the '266 Patent and the '173 Patent constitute a breach of the parties' settlement agreement as well as patent infringement.

**COUNT I: PATENT INFRINGEMENT – U.S. Patent No. 5,588,266**

13. Endura incorporates herein by reference the allegations of paragraphs 1-12 above.

14. Columbia has made, used, offered for sale, and/or sold in interstate commerce, without the authorization, consent or permission of Endura, products that infringe the '266 Patent.

15. At all times relevant to this action, Columbia has possessed actual knowledge of Endura's '266 Patent. Despite its knowledge of the '266 Patent, Columbia has continued its infringing activities as described herein.

16. Upon information and belief, Columbia has actively induced and contributed to infringement of the '266 Patent by encouraging its customers and prospective customers, including individuals within this judicial district, to purchase, use, offer for sale and/or sell

3

products covered by claims in the '266 Patent.

17. Columbia's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '266 Patent.

18. Columbia's infringement of the '266 Patent has caused, and will continue to cause, damage and irreparable harm to Endura unless Columbia's continuing infringing activities are enjoined by this Court.

19. Endura has no adequate remedy at law.

### COUNT II: PATENT INFRINGEMENT – U.S. Patent No. 5,611,173

20. Endura incorporates herein by reference the allegations of paragraphs 1-19 above.

21. Columbia has made, used, offered for sale, and/or sold in interstate commerce, without the authorization, consent or permission of Endura, products that infringe the '173 Patent.

22. At all times relevant to this action, Columbia has possessed actual knowledge of Endura's '173 Patent. Despite its knowledge of the '173 Patent, Columbia has continued its infringing activities as described herein.

23. Columbia has actively induced and contributed to infringement of the '173 Patent by encouraging its customers and prospective customers, including individuals within this judicial district, to purchase, use, offer for sale and/or sell products covered by claims in the '173 Patent.

24. Columbia's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '173 Patent.

25. Columbia's infringement of the '173 Patent has caused, and will continue to cause, damage and irreparable harm to Endura unless Columbia's continuing infringing activities are enjoined by this Court.

4

26. Endura has no adequate remedy at law.

## COUNT III: BREACH OF CONTRACT

27. Endura incorporates herein by reference the allegations of paragraphs 1-26 above.

28. On or about August 16, 2006, Endura and Columbia entered into a valid, enforceable contract (herein "Settlement Contract") for the settlement of Endura's patent infringement claims in the First Complaint.

29. In consideration for entering into the Settlement Contract, Columbia agreed to cease and desist infringement the selling of products that infringed Endura's '864 Patent, '266 Patent, and '173 Patent, and Endura agreed to dismiss all its claims in the First Complaint without prejudice.

30. Since entering into the Settlement Contract, Columbia has resumed making, using, offering for sale, and/or selling sill cover products that infringe the '266 Patent and '173 Patent in direct breach of the Settlement Contract.

31. As a result of Columbia's breach of the Settlement Contract, Endura has and will continue to sustain damages until Columbia's wrongful acts of breach of contract and associated infringement are stopped.

## PRAYER FOR RELIEF

WHEREFORE, Endura respectfully prays that this Court grant the following relief:

1. That the Court preliminarily and permanently enjoin Columbia from making, using, assembling, importing, selling or offering for sale, or inducing others to make, use, sell or offer for sale, products that infringe the '266 Patent and/or the '173 Patent;

2. That Endura have and recover damages from Columbia pursuant to 35 U.S.C. § 284, including interest from the date of the infringement;

3. For an award of enhanced damages up to three times the amount of the

compensatory damage award pursuant to 35 U.S.C. § 284;

4. That the Court tax Columbia with Endura's reasonable attorneys' fees pursuant to 35 U.S.C. §285;

5. That the Court tax Columbia with all costs of this action;

6. That the Court order the impounding and destruction of all products in Columbia's possession, custody or control that infringe the '266 Patent and/or the '173 Patent, and of all products that can be used to make or advertise the infringing products;

7. That the Court enter an order finding Columbia in breach of the Settlement Contract;

8. That all matters so triable be tried by a jury; and,

9. That the Court grant such other and further relief as it deems just and proper.

This the 30th day of March, 2007.

    /s/Robert D. Mason, Jr.
Jack B. Hicks (N.C. BAR NO. 14129)
Charles A. Burke (N.C. BAR NO. 19366)
Robert D. Mason, Jr. (N.C. BAR NO. 29337)
*Counsel for Plaintiff Endura Products, Inc.*
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
Facsimile: (336) 726-9093
jhicks@wcsr.com
cburke@wcsr.com
rmason@wcsr.com

WCSR 3578947v1